HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFF AND HARRIET MILLHEISLER, | CASE NO. C19-5194RBL |
| Plaintiffs, | ORDER |
| v. | |
| TACOMA SCHOOL DISTRICT NO. 10, et al., | |
| Defendant. | |

THIS MATTER is before the Court on Defendant Tacoma School District's Motion for Summary Judgment. [Dkt. # 15]. Pro se plaintiff Jeff Millheisler[1] was formerly a teacher in the TSD. This is his second[2] lawsuit arising out of what he claims was a long history of discrimination and mistreatment by TSD[3] and various named defendant employees. His first

---

[1] Jeff's wife Harriet is also a *pro se* plaintiff, but she was not a TSD employee and plaintiffs do not articulate any separate claims on her behalf. This Order will refer to Millheisler in the singular for clarity.

[2] This case is actually the first of two substantially similar lawsuits Millheisler filed in 2019. *See Millheisler v Tacoma School District No. 10*, No. C19-5195 RBL. The Court consolidated the cases and TSD's motion addresses the claims in both complaints.

[3] There are numerous individual defendants. This Order refers the defendants collectively as "TSD" for clarity.

ORDER - 1

case, *Millheisler v. Lincoln High School*, No. C07-5716 RJB, was dismissed on summary judgment in 2008. (*See* Dkt. # 32 in that case). In this case, Millheisler alleges that TSD wrongfully terminated his employment in March 2018, and that various TSD employees wronged him in various ways dating back to the mid-2000s. Millheisler's Complaint is difficult to read; it is in "bullet point" or outline form, contains few complete sentences, and is not in a sort of "who what when where and why" chronological order. Nevertheless, the TSD appears to accurately decipher that Millheisler asserts discrimination claims under the Civil Rights Act (Title VII), for Age Discrimination (ADEA), for violations of the Americans with Disabilities Act (ADA), and under § 1983, for violations of his (unidentified) constitutional rights.

## I. UNDISPUTABLE FACTS

Millheisler sought and received from TSD ADA accommodations (and 12 weeks FMLA-protected leave) for mental health issues in February 2017. [O'Donnell Dec. Dkt. # 16-1 at Ex. B]. His doctor certified that he was "unable to perform all essential job functions." As the end of that leave period neared, TSD inquired about whether and when Millheisler could return to work, and whether he would need ADA accommodations to do so. [O'Donnell Dec. Dkt. # 16-1 at Ex. C (May 4, 2017)]. On June 1, 2017 TSD wrote again, explaining that Millheisler's FMLA leave would expire on June 6. TSD told Millheisler he could return to work the following day, resign, or return to work with accommodations. [O'Donnell Dec. Dkt. # 16-1 at Ex. D].

On June 5, Millheisler chose the third option, and sought additional leave as his accommodation. He included his doctor's May 15 "medical clearance" predicting he could return to work on July 3. [O'Donnell Dec. Dkt. # 16-1 at Ex. E]. On June 8, TSD agreed to place Millheisler on unpaid ADA leave through July 3. It also requested additional medical

information if he needed more time, but in any event looked forward to working with him beginning on the first day of the upcoming school year. [O'Donnell Dec. Dkt. # 16-1 at Ex. F].

On July 10, 2017, Millheisler's health care provider sent TSD a report stating that Millheisler's prognosis was "poor" and acknowledging that he could perform "none" of his job functions. The provider could not specify a date by which Millheisler could return to work. [O'Donnell Dec. Dkt. # 16-1 at Ex. G].

Millheisler did not return to work at the start of the 2017-2018 school year, or ever. In February 2018, TSD informed Millheisler that it was considering terminating him, and invited him to a "*Loudermill*" meeting on March 19 to present and discuss any additional information about his employment, his disability, and his potential termination. [O'Donnell Dec. Dkt. # 16-1 at Ex. H]. Millheisler attended the meeting, and the following day provided additional medical information, confirming that his condition had not improved, that he was "unable" to return to work. Millheisler suggested that it was TSD's fault, and said that he might sue. [O'Donnell Dec. Dkt. # 16-1 at Ex. I]. Based on Millheisler's inability to return to work after more than a year off, and with no realistic plan of returning in the future, TSD terminated Millheisler's employment on March 21, 2018. [O'Donnell Dec. Dkt. # 16-1 at Ex. J].

Millheisler appealed the decision to a hearings officer, who affirmed his termination on September 24, 2018. [O'Donnell Dec. Dkt. # 16-1 at Ex. K]. Millheisler filed a complaint with the EEOC December 12, 2018, alleging he was fired (and denied unspecified accommodations) due to his race (white), age (40 plus), disability, and for engaging in "protected activity." [Dkt. # 1 at 7]. The EEOC could not conclude that the information Millheisler provided established any violations, and sent Millheisler a "right to sue letter" on December 17, 2018. [Dkt. # 1 at 9]. He sued on March 15, 2019. [Dkt. #1].

## II. DISCUSSION

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986) (emphasis added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the moving party has met its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

TSD seeks summary judgment on all of Millheisler's claims. It argues first that a plaintiff must file a charge with the EEOC within 300 days of the allegedly discriminatory or unlawful conduct. 29 U.S.C. § 626(d); 42 U.S.C. §2000e-5. Thus, it argues, claims based on Millheisler's numerous allegations occurring before February 5, 2018 (300 days prior to his EEOC charge) are time-barred as a matter of law. It argues the evidence establishes that it provided Millheisler with ADA accommodations, but that he could not return to work even with them—as he and his medical provider conceded. It argues that indefinite, open-ended leave is not a reasonable accommodation as a matter of law. And it argues that Millheisler's ADA wrongful termination claim fails for the same reason: he was not a "qualified individual" who could perform the essential functions of his job, even with a reasonable accommodation.

TSD argues that Millheisler cannot establish a *prima facie* claim for age discrimination under Title VII or the ADEA; these authorities (like the ADA) require him to demonstrate that he was both "qualified" and "performing his job satisfactorily." *See*, for example, *Peterson v. Hewlett-Packard Co.*, 538 F.3d 599, 603 (9th Cir. 2004) (other citations omitted). There is no evidence that Millheisler was performing his job at all, much less satisfactorily. TSD argues Millheisler has he not alleged or demonstrated that some other similarly-situated individual was treated better than he was. Nor can Millheisler demonstrate a hostile work environment under those statutes (or § 1981). Millheisler has no evidence supporting his claims of racial or age discrimination; he has not provided any evidence of name-calling, unwelcome verbal or physical conduct, or anything of sufficient severity to be actionable. TSD argues there is no evidence supporting any of the elements of Millheisler's claims.

Finally, if and to the extent Millheisler asserts a § 1983 *Monell* claim, TSD argues that Millheisler has no evidence of a constitutional violation, much less of a policy or custom that was a moving force behind it.

Millheisler's response is not helpful, and even construing it liberally, the Court cannot discern any creditable argument on any of these issues. He cites and quotes numerous legal opinions, but none are remotely on point. As he did in his complaints, Millheisler repeats conclusory but unsupported factual allegations (dating to 1998) that do not address the substance of the motion, or the facts outlined above:

> He was treated rude and snide because of his manner of behavior/ disability, disrespected, disparaged to other staff members and parents of students, and scrutinized /watched very closely by management. Isolated from his students; made redundant.

Millheisler's Response, Dkt. # 17 at 18. Millheisler does not address any of TSD's substantive arguments about the 300-day EEOC limitation; he instead recites a timeline dating to almost a decade before his *prior* case was dismissed with prejudice. Millheisler does not address TSD's arguments about what a reasonable accommodation would look like; he does not claim that he was or could ever be "qualified" or able to perform the "essential functions" of his job as a teacher. Indeed, as TSD argues in Reply, Millheisler does not address the elements of his asserted federal claims, at all, and as a result those claims are abandoned.

Millheisler instead cites Washington Pattern Jury Instructions (WPIs) that relate to discrimination in employment under state law, but he makes no effort to tie those authorities to the facts of this case. As TSD accurately points out, Millheisler's failure to respond to its meritorious arguments is a waiver of his claims. Millheisler makes no substantive response to TSD's elements-based arguments about the viability of his claims, and he does not address the

ORDER - 6

timeline and the demonstrated facts upon which TSD's motion relies. Instead, he apparently seeks to assert state law claims that are not in his complaint. But those claims too are purely conclusory:

> The hostile environment in this case consists of numerous acts of extreme discriminatory conduct by Kristen Tinder; Jonathan Ketler; Elizabeth Minks; John page; and others. The "District" is a sophisticated employer and schemed to literally make Plaintiff's work environment so hostile and difficult that it caused Plaintiff's medical and mental discomfort worse, thus increasing the negative impact on Plaintiff's disability. Defendant ignored with indifference the pervasive hostile work environment that plaintiff had to suffer through on a daily basis at his work location. Contributing to the hostile work environment is the "other conduct" daily tugging at his coping abilities making it hard to find meaning and joy in his work at a school he did not choose.

Dkt. # 17 at 22.

This is not evidence that supports any of Millheisler's claims. Millheisler's response to TSD's argument that his claims are time-barred consists of citations to "continuing violation" cases but this case is not like any of those. *See Draper v. Coeur Rochester, Inc,.* 147 F.3d 1104 (9th Cir. 1998) and *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 105 (2002). The historical events he complains of (bad evaluations, relocation to a different school, wrongful discipline, and the like) are discrete acts that occurred on the day they happened—years before Millheisler prolonged leave and his ultimate termination, and far more than 300 days prior to the date of his EEOC complaint.

TSD also points out that Millheisler has no evidence of any discrimination based on his race or age or disability, and no evidence that some similarly-situated person was treated in a

different manner. He does not address the more than a year that he was unable to work, or the amply-demonstrated fact that both he and his health care providers could not identify any "accommodation" that would allow him to perform the essential functions of his teaching job at any foreseeable date in the future. At the time he was terminated, Millheisler was not a "qualified" individual capable of performing his job with reasonable accommodations, as a matter of law.

A prima facie case for failure to accommodate under the ADA requires a plaintiff to show that (1) he is disabled; (2) he is qualified for the job in question and capable of performing it with reasonable accommodation; (3) the employer had notice of her disability; and (4) the employer failed to reasonably accommodate her disability. *McDaniels v. Group Health Co-op.*, 57 F.Supp.3d 1300, 1314–15, No. C13–1689–JLR, 2014 WL 5471991, *11 (W.D.Wash. Oct. 29, 2014) (citing *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir.2012).

The undisputed facts demonstrate that Millheisler was not qualified; he was admittedly unable to perform any of the essential functions of his teaching job, even with an accommodation. Millheisler has provided no evidence of a hostile work environment. He has not identified any constitutional violation, much less tied it to some TSD policy, custom or practice, and his *Monell* claim is wholly unsupportable. Even viewed in the light most favorable to him, the evidence does not support any of the claims Millheisler asserts.

There are no genuine issues of material fact about any of the claims in Millheisler's complaint(s). He claimed he was unable to work and TSD gave him everything he asked for, for more than a year. He has still not articulated what accommodation he needs to return to work and there is no evidence whatsoever that he could do so. An indefinite period of leave lasting more than a year, with no foreseeable prospect of ever returning to work under any circumstances, is

not a "reasonable" accommodation, as a matter of law. There is no factual support for Millheisler's race or age or disability discrimination claims, or for his retaliation claim. There is no evidence supporting his disparate treatment claim—Millheisler has not identified anyone similarly situated who was treated differently.

For all the reasons articulated in TSD's Motion and Reply, Millheisler's claims are time barred and unsupportable. TSD's Motion for Summary Judgment is GRANTED and Millheisler's claims are DISMISSED with prejudice. This case is CLOSED.

IT IS SO ORDERED.

Dated this 14th day of February, 2020.

Ronald B. Leighton
United States District Judge