UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFF S. MILLHEISLER, et al., | CASE NO. C19-5194RBL |
| Plaintiffs, | ORDER |
| v. | |
| TACOMA SCHOOL DISTRICT NO. 10, | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Millheisler's Motion for Reconsideration [Dkt. # 22] of the Court's Order [Dkt. # 20] Granting Defendants TSD's Motion for Summary Judgment [Dkt. # 15]. Millheisler's 40-page motion does not address TSD's arguments, or the Court's Orders, or the timeline that is relevant to his current claims. His timeline dates back more than a decade, and in some instances precedes his prior, dismissed lawsuit. Millheisler does not address any of TSD's arguments or the Court's analysis of his claims under the facts and the law.

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and

1  that amounts to a complete disregard of the controlling law or the credible evidence in the

2  record." Black's Law Dictionary 622 (9th ed. 2009).

3      Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of

4  finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d

5  877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly

6  unusual circumstances, unless the district court is presented with newly discovered evidence,

7  committed clear error, or if there is an intervening change in the controlling law." *Marlyn*

8  *Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither

9  the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for

10  reconsideration, is intended to provide litigants with a second bite at the apple. A motion for

11  reconsideration should not be used to ask a court to rethink what the court had already thought

12  through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D.

13  Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration,

14  and reconsideration may not be based on evidence and legal arguments that could have been

15  presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.

16  Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to

17  the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima*

18  *Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

19      Millheisler's Motion does not meet this high standard. It ignores the reasons for the

20  underlying motion (the expiration of Millheisler's FMLA leave, his indefinite absence from his

21  //

22  //

23

24

1 | job, and the absence of any indication that he could ever return) and the Court's Order.

2 | The Motion for Reconsideration is DENIED, and the matter is closed.

3 |     IT IS SO ORDERED.

4 |     Dated this 4th day of March, 2020.

5

6 | Ronald B. Leighton

7 | Ronald B. Leighton
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24